# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 50168 | **DATE** | 12/27/2010 |
| **CASE TITLE** | Hill vs. Schaffer et al | | |

**DOCKET ENTRY TEXT:**

For the reasons stated below, the court grants the motion for summary judgment [88] as to all claims against Sheriff Meyers and dismisses Officers Shaffer and Luis without prejudice. Plaintiff (via his attorney) is to file a status report within 30 days as set forth in this order.

*Philip G. Reinhard*

■[ For further details see text below.]                                                        Notices mailed by Judicial staff.

## STATEMENT - OPINION

Plaintiff, Justin Hill, filed, pursuant to 42 U.S.C. § 1983, a third-amended complaint[1] against defendants, U.S. Extraditions, Corrections Officer Shaffer (employee of U.S. Extraditions), Corrections Officer Luis (employee of U.S. Extraditions), and Richard Meyers, the Sheriff of Winnebago County, Illinois, in both his individual and official capacities. Sheriff Meyers has moved for summary judgment, and plaintiff has failed to file any response to the motion for summary judgment.

The undisputed facts establish that Sheriff Meyers contracted with U.S. Extraditions to transport plaintiff from Jackson, Tennessee, to Rockford, Illinois. Plaintiff alleges that during the transport he was mistreated by Officers Shaffer and Luis, who were employees of U.S. Extraditions.

It is further undisputed that neither Shaffer nor Luis were employed by Sheriff Meyers or the County of Winnebago. Nor did Sheriff Meyers control the manner or method by which U.S Extraditions or Shaffer and Luis transported plaintiff from Jackson to Rockford. Sheriff Meyers did not know the manner or method by which plaintiff was being transported either before or during the transport. At no time prior to plaintiff being delivered in Rockford did Sheriff Meyers or his extradition officer, Greg Rogers, know of any allegations having been made against U.S. Extraditions for mistreating any transported prisoner.

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Walker v. Sheahan, 526 F. 3d 973, 977-78 (7th Cir. 2008). A mere scintilla of evidence in support of a claim is insufficient, and there must be evidence on which a jury could reasonably find for the non-moving party. Walker, 526 F. 3d at 978.

Official Capacity Claim

A claim against Sheriff Meyers in his official capacity is treated as a claim against Winnebago County itself. See Grieveson v. Anderson, 538 F. 3d 763, 771 (7th Cir. 2008). In order to survive summary judgment on a § 1983 official capacity claim, a plaintiff must present evidence demonstrating the existence of an official policy, widespread custom, or deliberate act of a county decision-maker. Grieveson, 538 F. 3d at 771. Further, a plaintiff must show that the official policy or custom was the cause of the alleged

| STATEMENT - OPINION |
|---|

constitutional violation.  Grieveson, 538 F. 3d at 771.

Here, plaintiff has not submitted any evidence of any policy or custom of Winnebago County related to the specific manner or method of transporting prisoners by an independent entity such as U.S. Extraditions.  Additionally, he has failed to show that any policy or custom of Winnebago County in any way caused his alleged mistreatment by the employees of U.S. Extraditions.  Nor has he shown that Sheriff Meyers, a person arguably with final policymaking authority, caused the mistreatment.  Further, plaintiff has failed to identify, nor is the court aware of, any authority that merely entering into a contractual agreement with a separate and independent entity to transport an individual in custody, without more, would constitute such policymaking conduct.  Because there is no evidence of any policy or custom that caused plaintiff to be mistreated, the court grants summary judgment as to the official capacity claim against Sheriff Meyers.

Individual Capacity Claim

Section 1983 does not establish vicarious liability.  Burks v. Raemisch, 555 F. 3d 592, 593- 94 (7th Cir. 2009).  There is no evidence here that Sheriff Meyers was directly involved in the alleged mistreatment of plaintiff.  This lack of direct participation requires plaintiff to show that Sheriff Meyers was personally involved in the alleged constitutional deprivation in order to establish individual liability under § 1983.  See Minix v. Canarecci, 597 F. 3d 824, 833 (7th Cir. 2010).  To be personally liable, Sheriff Meyers must have condoned or acquiesced in the alleged treatment of plaintiff.  See Minix, 597 F. 3d at 833- 34.

Plaintiff here has failed to submit any evidence to establish the personal involvement of Sheriff Meyers in the alleged mistreatment.  The undisputed evidence shows that neither of the two officers were employees or subordinates of Sheriff Meyers.  Rather, it is undisputed that they were employed by U.S. Extraditions, an independent contractor.  Further, there is no evidence that Sheriff Meyers exercised, or had the authority to exercise, any control over the two officers or the manner or method in which plaintiff was transported.[2]  Nor is there any evidence that Sheriff Meyers, or anyone directly working for him, knew of the manner and method by which plaintiff would be transported.  Because there is a complete lack of evidence demonstrating that Sheriff Meyers was personally involved in the alleged mistreatment of plaintiff, the court grants the motion for summary judgment as to the individual capacity claim against Sheriff Meyers.

Having disposed of the motion for summary judgment as to Sheriff Meyers, the only defendants remaining in the case are Officer Shaffer, Officer Luis, and US. Extraditions.  Officer Shaffer and Officer Luis have never been served and it is well past the 120- day time for doing so.  See Fed. R. Civ. P. 4(m).  Thus, Officer Shaffer and Luis are dismissed without prejudice.

As for U.S. Extraditions, they have been served but have not appeared in the case.  Because this case is over four years old, plaintiff (via his attorney) is ordered to file a status report within 30 days of the date of this order advising the court of whether plaintiff desires to seek any relief against U.S. Extraditions and whether he seeks any additional time to serve Officers Shaffer and Luis based on good cause or excusable neglect.  Failure to identify any proper basis for extending the time to serve Officers Shaffer and Luis will result in their dismissal with prejudice.  See U.S. v. McLaughlin, 470 F. 3d 698, 700 (7th Cir. 2006).  Failure to file the status report or express any desire in continuing to seek relief against U.S. Extraditions will also result in dismissal as to that defendant for want of prosecution and dismissal of this cause in its entirety.

For the foregoing reasons, the court grants the motion for summary judgment as to all claims against Sheriff Meyers and dismisses Officers Shaffer and Luis without prejudice.

1. While the most recent complaint is entitled "second amended complaint," it is in fact the third-amended compaint.

2. While Sheriff Meyers authorized the contract with U.S. Extraditions, there is no evidence that he exercised any personal involvement over the particular manner or method of transporting plaintiff beyond merely contracting with U.S. Extraditions to perform the task.